UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONENA SHANTEL WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>D.O.C., D.H.H.S. MCF-SHAKOPEE, WARDEN, COLLEEN HOLST, MICKEY KOFPMAN, CINDY SPIELMAN, DR. STRAUMER, DR. MANDAC, DR. KLEMM, RICK HILLENGAAS (WARDEN), NURSE KATHY, DOC Lt. KOPET, RICK PADFIELD, Lt. CASSIDY, Sgt. FOSTER, C/O PARR, C/O PERLICH, C/O McCOY, C/O LINDAHL, Lt. CASSIDY, GLEN ANDERSON, MICHELLE FULLMER, and KATHY BURTON,<br><br>    Defendants. | Civil File No. 08-5208 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Minnesota Correctional Facility in Shakopee, Minnesota, ("MCF-Shakopee"), commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state an actionable

---

[1] Plaintiff did not tender the $350 statutory filing fee with her complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Plaintiff's IFP application indicates that she may be unable to pay the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

claim for relief against several of the Defendants listed in the caption of her complaint. The Court will recommend that this action be dismissed as to those Defendants pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff claims that her federal constitutional rights have been violated in numerous respects during the course of her imprisonment at MFC-Shakopee. The caption of her complaint lists 24 Defendants. Most of the named Defendants apparently are employees of the Minnesota Department of Corrections, ("DOC"), who work at MCF-Shakopee.

Plaintiff alleges that Defendants Dr. Klemm, Colleen Holst, and Cindy Spielman have either deprived her of certain medications that she needs, or else forced her to take certain medications that she does not need. Plaintiff also broadly alleges that other employees at MCF-Shakopee, who are not clearly identified, have (i) failed to provide her with adequate nutritious food, (ii) allowed her to be exposed to contagious diseases, (iii) interfered with her incoming and/or outgoing mail, (iv) defamed and teased her by making derogatory remarks about her, (v) sexually harassed her, (vi) failed to protect her from being assaulted, (vii) deprived her of adequate dental care, (vii) imposed excessive "co-pays" for medical care, and (ix) paid female prison workers less than their male counterparts. However, the complaint does not describe any specific occasions when any such wrongdoing occurred.

Plaintiff is seeking a judgment that would compel Defendants to provide her with certain dental care, and other medical care. She is also seeking $20,000.00 for "mental anguish," $15,000.00 for "defamation of character," and $25,000.00 for punitive damages.

## II. DISCUSSION

2

Because Plaintiff is a prisoner who is attempting to sue various governmental employees and agencies, her pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state a civil rights claim, as Plaintiff is attempting to do here, a complaint must allege facts, which, if proven true, would show that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct

responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).  In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

In this case, the Court finds that Plaintiff has failed to plead any actionable civil rights claim against the following named Defendants: D.O.C., D.H.H.S., MCF-Shakopee, Warden, Mickey Kofpman, Dr. Straumer, Dr. Mandac, Rick Hillengaas (Warden), Nurse Kathy, DOC Lt. Kopet, Rick Padfield, Lt. Cassidy, Sgt. Foster, C/O Parr, C/O Perlich, C/O McCoy, C/O Lindahl, Lt. Cassidy, Glen Anderson, Michelle Fullmer, and Kathy Burton.  Plaintiff's complaint does not state any actionable claim against any of these named Defendants, because it does not include any factual allegations describing anything that any of these Defendants purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights.  At most the Plaintiff has pleaded only legal conclusions against these named Defendants; the complaint does not describe any specific acts or omissions by any of them.  Therefore, Plaintiff has failed to plead an actionable claim for relief against these Defendants.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").[2]

## III. CONCLUSION

---

[2] The Court also notes that one of the named Defendants, "MCF-Shakopee," does not appear to be a cognizable legal entity that is suable as such, and two other Defendants, "D.O.C." and "D.H.H.S.," appear to be state agencies that are immune from being sued in federal court under the Eleventh Amendment.

4

Because Plaintiff has failed to state an actionable claim for relief against Defendants D.O.C., D.H.H.S., MCF-Shakopee, Warden, Mickey Kofpman, Dr. Straumer, Dr. Mandac, Rick Hillengaas (Warden), Nurse Kathy, DOC Lt. Kopet, Rick Padfield, Lt. Cassidy, Sgt. Foster, C/O Parr, C/O Perlich, C/O McCoy, C/O Lindahl, Lt. Cassidy, Glen Anderson, Michelle Fullmer, and Kathy Burton, the Court recommends that this action be summarily dismissed as to those Defendants, pursuant to 28 U.S.C. § 1915A(b).  The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other named Defendants, and Plaintiff will be allowed to pursue her claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants D.O.C., D.H.H.S., MCF-Shakopee, Warden, Mickey Kofpman, Dr. Straumer, Dr. Mandac, Rick Hillengaas (Warden), Nurse Kathy, DOC Lt. Kopet, Rick Padfield, Lt. Cassidy, Sgt. Foster, C/O Parr, C/O Perlich, C/O McCoy, C/O Lindahl, Lt. Cassidy, Glen Anderson, Michelle Fullmer, and Kathy Burton, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2.  Plaintiff's claims against the remaining Defendants in this case be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated:   October   1 , 2008

                                                     s/ *Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by

filing with the Clerk of Court and serving on all parties, on or before **October 21, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.